**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON
CIVIL ACTION NO.: 05-62**

**GREGORY W. CHIPMAN,**                                                                              **PETITIONER**

**V.**

**JAMES MORGAN, Warden,**                                                                            **RESPONDENT**

**MEMORANDUM ORDER**

On January 18, 2007, defendant/petitioner Gregory W. Chipman mailed a letter to the Clerk of Court which in part requests that "this District Court Prompt a[n] investigation by the F.B.I. into the Procedures of Grant County Circuit Court as to the way they conduct[ed] the trial" of the petitioner. Although petitioner cites no specific grounds for relief, it appears that he is claiming that the state court violated a variety of his federal constitutional rights during his trial and conviction for murder in state court. This court has no jurisdiction to direct the Federal Bureau of Investigation to investigate a state court.

Petitioner previously filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 involving the same state court conviction, bearing the case caption referenced herein. Because the records of this court reveal no other pending cases involving this defendant/petitioner, and the correspondence sent to the Clerk is not in the form of a complaint, petition, or other pleading initiating new litigation, the court will direct the Clerk to docket the correspondence in the previously litigated §2254 proceeding.

Close examination of the petitioner's correspondence suggests that it presents claims nearly identical to those presented in the previous §2254 petition. A magistrate judge recommended that the prior petition be denied and dismissed with prejudice on December 28,

2005. That R&R was adopted by the presiding district judge as the opinion of the court on March 22, 2006. Petitioner's motion to proceed on appeal *in forma pauperis* was denied by the Sixth Circuit on October 4, 2006.

Under the 28 U.S.C. §2244(b)(3)(A), a petitioner is not entitled to file a second petition for writ of habeas corpus prior to successfully moving in the appropriate court of appeals (here the Sixth Circuit) for an order authorizing the district court to consider a second or successive petition. This court will take no further action on the letter recently received from petitioner because the correspondence does not indicate a clear intention to file a second or successive petition, and because the letter makes no reference to an order of the Sixth Circuit authorizing such a petition.

Accordingly, **IT IS ORDERED HEREIN:**

1. The correspondence received by the Clerk of Court on January 18, 2007 shall be **filed** as a letter in the above-captioned record as a letter;

2. This court shall take no further action on petitioner's correspondence.

This the 19th day of January, 2007.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge